| NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| --- | --- |
| | SUPERIOR COURT DIVISION |
| WAKE COUNTY | 21 CVS ____ |

2021 JAN 13 P 12:43
WAKE CO., C.S.C.
BY_____

SANDRA ROBINSON
    Plaintiff,

vs.

CRACKER BARREL OLD
COUNTRY STORE, INC.
    Defendant.

**COMPLAINT**

**(Jury Trial Demanded)**

NOW COMES Plaintiff, Sandra Robinson, complaining of the Defendant, Cracker Barrel Old Country Store, Inc. ("Defendant"), alleges and says to the Court as follows:

## PARTIES

1. Plaintiff is a resident of Wake County, North Carolina.

2. Defendant Cracker Barrel, a business corporation which is organized under the laws of and is headquartered in Tennessee, has registered with the North Carolina Secretary of State to conduct business here, has a corporate agent for service of legal process in this State and, upon information and belief, owns and operates a Cracker Barrel restaurant located at 955 Airport Boulevard, Morrisville, Wake County, North Carolina, 27560.

3. The actions complained of by Plaintiff occurred in Wake County, North Carolina.

4. This Court has jurisdiction over this matter.

## FACTS

5. On the evening of December 23, 2018, Plaintiff and her husband had plans to eat dinner together at the Cracker Barrel restaurant located at 955 Airport Boulevard, Morrisville, Wake County, North Carolina, 27560 (the "Restaurant").

1

Case 5:21-cv-00099-FL   Document 1-2   Filed 02/26/21   Page 1 of 9

6. Upon information and belief, Defendant owned and operated the Restaurant on December 23, 2018, and continues to do so today.

7. After dropping Plaintiff off outside of the Restaurant, Plaintiff's husband went to park his car, and Plaintiff began walking along a concrete path which guides customers to the Restaurant's main entrance.

8. Unbeknownst to Plaintiff, at least one slab of concrete was uneven, creating a vertical "lip" of cement on this walkway leading to the Restaurant's entrance.

9. The uneven concrete slab was located approximately ten to fifteen feet away from the Restaurant's double-door entrance, and roughly six feet before the awning covering the entrance and an outdoor patio area.

10. As Plaintiff neared the Restaurant's entrance, her foot caught on the uneven slab of cement, causing her to lose her balance.

11. Plaintiff's body then flew forward, and the entire weight of her body landed on her outstretched arms.

12. Plaintiff immediately began suffering severe pain in her right arm, especially in the shoulder area.

13. Plaintiff was wearing flat, closed-toe shoes.

14. Several other patrons who were in the Restaurant's outdoor patio area witnessed Plaintiff's fall.

15. Plaintiff was eventually transported via ambulance to the Emergency Department at Duke Regional Hospital where she received various forms of medical care, including x-rays and CT scans of her right shoulder and arm area.

2

16. Plaintiff was given a sling, given Tramadol for her pain, and was discharged from the Emergency Department.

17. Following an agonizing few days, including Christmas Day, Plaintiff visited Dr. Paul Kerner at EmergeOrtho, P.A. on December 27, 2018.

18. Dr. Kerner diagnosed Plaintiff with fractured humerus in her right arm.

19. After a January 3, 2019 follow-up visit, Dr. Kerner noted that, "[a]t this point in time [Plaintiff] is not interested in any surgical intervention. If this does prove to be symptomatic long term she would certainly need a reverse total shoulder replacement. For now she will continue with sling wear and gentle range of motion exercises. I will see her again in three weeks."

20. Plaintiff saw Dr. Kerner again on January 23, 2019, when she reported that it had been "her best week yet," as she could finally bend her elbow, although she was "not using her right arm hardly at all," and her arm "[felt] extremely heavy."

21. After this encounter with Plaintiff, Dr. Kerner directed Plaintiff to begin physical therapy, but he noted that Plaintiff "is not going to ever get normal range of motion. Hopefully we can give her some functional range of motion."

22. Dr. Kerner again raised the issue of surgery with Plaintiff at this January 23, 2019 encounter, noting that they "discussed the possibility of referring [Plaintiff] to Dr. Wilson for reverse total shoulder replacement."

23. As a result of her injury, Plaintiff's life was – and continues to be – severely restricted in many ways. For example, among other things, she was unable to: dress or undress herself without assistance; take a shower or bath, and was forced to sink-bathe for

3

several weeks; fix her own hair; drive her husband to Duke Cancer Center for immunotherapy treatments; or even carry a glass of water.

24. For at least three months following her injury, Plaintiff regularly attempted to rehabilitate her arm by participating in rigorous physical therapy sessions, both at home and with medical professionals at EmergeOrtho.

25. Despite Plaintiff's efforts, she has been left with a severely restricted range of motion in her right shoulder, as well as continuing pain when resting on her right side.

26. Throughout this time, Plaintiff's husband – who is weakened and sick from chemotherapy and radiation – had to care for Plaintiff at home by, *inter alia*, feeding, bathing, and dressing Plaintiff, and chauffeuring Plaintiff to her various doctor appointments.

27. Plaintiff has already incurred expenses for the services of doctors, nurses, and other medical professionals, as well as for the purchase of prescriptions, medications, and other medical treatment, and for a hairdresser to provide services in Plaintiff's home.

28. However, Plaintiff has also been advised that a total reverse shoulder replacement will be necessary to partially restore the range of motion in her right shoulder.

BY REASON OF THE FOREGOING ALLEGATIONS:

## FIRST CLAIM FOR RELIEF: NEGLIGENCE

29. Plaintiff repeats and re-alleges all previous allegations contained in this Complaint as if fully set forth herein.

30. Defendant owed a duty to keep the Restaurant and its premises in a reasonably safe condition for Plaintiff and other lawful patrons of the Restaurant, and to warn of hazardous or unsafe conditions of which Defendant knows or should know.

31. Defendant is obligated to exercise the degree of care which would be exercised by reasonable, prudent restaurant owners under similar circumstances.

32. Defendant's duty of care included the taking of precautionary measures – such as flattening the uneven concrete slab or at least placing a sign near the hazard so as to warn of its presence – to avoid unnecessarily exposing Plaintiff and other patrons to dangerous situations.

33. Defendant knew or should have known that the uneven pavement on a walkway which guides customers to the Restaurant's entrance created an unsafe and dangerous condition to Plaintiff and other Restaurant patrons.

34. Defendant carelessly and recklessly failed to take any sort of precautionary measure to eliminate the dangerous condition, and failed to provide even a simple warning to its customers.

35. As a result, Defendant breached the duty it owed to Plaintiff by failing to keep the Restaurant's premises in a condition that was reasonably safe for the Restaurant's intended use.

36. Defendant's acts and omissions are the sole, direct, proximate, and reasonably foreseeable cause of the injuries and damages suffered by Plaintiff.

37. Further, Plaintiff has been left with continuing pain, discomfort, and limitations in her right arm that have not fully resolved over two years after the incident.

38. Due to the fracture Plaintiff suffered from the fall, Plaintiff will need to undergo surgery for a reverse total shoulder replacement.

39. As a result of the aforesaid conduct and breach of care by Defendant, Plaintiff sustained the injuries, losses, and damages described herein without any negligence of Plaintiff contributing thereto.

## SECOND CLAIM FOR RELIEF: GROSS NEGLIGENCE

40. Plaintiff repeats and re-alleges all previous allegations contained in this Complaint as if fully set forth herein.

41. The uneven slab of concrete was located in very close proximity to the Restaurant's entrance, on a walkway which is designed to guide patrons from the parking lot to the Restaurant's doors. Upon information and belief, this walkway is a portion of the Restaurant's premises with particularly heavy foot traffic, and Defendant possessed actual knowledge of the hazardous condition.

42. Nevertheless, Defendant chose not to take any sort of prophylactic action to correct or warn of the dangerous condition, neglecting to flatten the surface and failing to even place a cone, caution tape, or a simple paper sign next to the hazard to warn its patrons.

43. By willfully failing to take any precautionary measure to either eliminate the hazardous condition or warn of its presence, Defendant manifested a reckless indifference to the health and safety of any person visiting the Restaurant

44. This reckless indifference elevates Defendant's conduct to a level of egregiousness that goes beyond the level of ordinary negligence.

## DEMAND FOR JURY TRIAL

TAKE NOTICE that Plaintiff demands a jury trial on all issues so triable in this action.

6

## PRAYER

WHEREFORE, Plaintiff respectfully prays the Court:

1. That a jury trial be held on all issues so triable;

2. For judgment against Defendant for negligence and gross negligence;

3. That Plaintiff have and recover compensatory damages in excess of $25,000 from Defendant for her bodily injuries and damages;

4. That Plaintiff have and recover punitive damages in excess of $25,000 due to Defendant's willful and wanton conduct;

5. That Plaintiff have and recover interest from and after the date of the filing of this Complaint;

6. That the costs of this action, including Plaintiff's attorneys' fees, be taxed against Defendant; and

7. For such other relief as this Court may deem just, wise, and proper.

This the 12th day of January, 2021.

BECKER LAW OFFICES, PC

/s/ Diane R. Becker

Diane R. Becker
NC Bar No. 19820
6030 Creedmoor Road, #200
Raleigh, NC 27612
Telephone: 919-788-9888
Facsimile: 919-788-9887
*Attorney for Plaintiff*

# VERIFICATION

SANDRA ROBINSON, being first duly sworn and deposed, says:
That she is the Plaintiff in the foregoing cause of action; that she has read the foregoing Complaint and knows the contents thereof; that the same is true of her own knowledge except as to matters and things therein alleged upon information and belief, and as to those matters and things, she believes the same to be true.

BY: _Sandra Robinson_
Sandra Robinson


STATE OF NORTH CAROLINA

COUNTY OF __Wake__

I certify that __Sandra Robinson__ personally appeared before me this day, and [ ] I have personal knowledge of the identity of the principal; or [X] I have seen satisfactory evidence of the principal's identity, by a current state or federal identification with the principal's photograph in the form of a __NC DL #8792616__; or [ ] a credible witness has sworn to the identity of the principal; acknowledging to me that he/she voluntarily signed the foregoing document for the purpose stated therein, and in the capacity indicated:

_____

This the __11th__ day of __January__, 20__21__.

_Nyla R. Saghir_
Notary Public

My Commission Expires: __10/02/2023__

```
Nyla R. Saghir
Notary Public
Wake County, NC
My Commission Expires: 10/02/2023
```

**NORTH CAROLINA**            IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
**WAKE COUNTY**            21 CVS____

| | |
|---|---|
| SANDRA ROBINSON, | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )    **CERTIFICATE OF SERVICE** |
| | ) |
| CRACKER BARREL OLD | ) |
| COUNTRY STORE, INC. | ) |
|     Defendant. | ) |

FILED 2021 JAN 13 P 2: 43 WAKE CO., C.S.C. BY_____

I, the undersigned counsel, hereby certify that, pursuant to Rule 4 of the North Carolina Rules of Civil Procedure, I have caused a copy of the Summons and Complaint in this action to be sent via certified mail, return receipt requested, to Defendant or Defendant's North Carolina registered agent, addressed as follows:

    Cracker Barrel Old Country Store, Inc.
    C/O CT Corporation System
    160 Mine Lake Court, Suite 200
    Raleigh, NC 27615

This the 12th day of January, 2021.

                                                  BECKER LAW OFFICES, PC

                                                _/s/ Diane R. Becker_
                                                Diane R. Becker
                                                NC Bar No. 19820
                                                6030 Creedmoor Road, #200
                                                Raleigh, NC 27612
                                                Telephone: 919-788-9888
                                                Facsimile: 919-788-9887
                                                _Attorney for Plaintiff_